FORET, Judge.
Plaintiffs, C.J. Broussard, Beverly Lag-neaux Broussard, Perry Lee Thibodeaux[1], Johnny C. Canino, Jr., et ux, and Carmen R. Schroedter, filed an action entitled “Petition to Cancel Leases and/or Damages, Reasonable Attorney’s Fees and Interest on Sums Due.” The defendant, Elsbury Production, Inc., met this petition with an Exception of No Cause of Action, which was granted by the trial court. The trial judge had afforded an opportunity to the plaintiffs to amend their petition so as to state a cause of action, if any they could. Rather than amending their petition, plaintiffs appeal the grant of defendant’s exception of no cause of action.
FACTS
Plaintiffs-lessors filed this suit to cancel an oil, gas, and mineral lease executed with Henry & Sandoz, Inc. who, according to their petition, in turn, assigned all or part of the rights under the lease to the defendant.
A 28-acre tract of the property in question was the separate property of Carmelite States. An 89-arpent tract contiguous to Mrs. States’ 28-acre tract was community property originally belonging to Andre and Carmelite States.
After Mr. States’ death, Carmelite and the heirs of Andre combined the two tracts of land, divided the property into eleven tracts, and partitioned the tracts among themselves. In the act of partition, a mineral servitude was created among all eleven property owners, awarding an undivided 1/11 mineral interest to each owner, unto each of the eleven tracts. At the time of the partition, a well which had been producing since 1959 was located on the 28-acre tract which had originally belonged to Mrs. States. There was no producing well on the 89-arpent tract until 1987.
Plaintiffs are purchasers of a tract located on the original 89-arpent tract. Their ancestor in title sold the property without a reservation of the mineral rights.
Essentially, in their brief, plaintiffs contend that the mineral servitude created by the States in 1964 was invalid in that the heirs could not combine a non-producing tract with a producing tract to create a single mineral servitude over both tracts. Plaintiffs contend that two mineral servi-tudes were created by. the 1964 partition agreement and, as such, the mineral servitude over the 89-arpent tract is extinguished due to prescription of non-use. Plaintiffs also contend that “their royalty payments have been substantially reduced by the operator’s opinion of the existence of a mineral servitude.”
The petition, in pertinent part, is as follows:
“8.
The parcels of property which are the subject of this lawsuit are south of Ridge Road. At the time of the partition, the parties pooled a producing estate with a non-producing estate, and thereafter, they created a mineral servitude agreement on all of the partitioned properties.
9.
It is the belief of your petitioners that despite demand the defendant has taken the unreasonable position that those tracts which were originally part of the non-producing estate may be subsequently joined with a producing estate, and the ten-year prescription period is effectively interrupted.”
Reading the plaintiffs’ petition, specifically paragraphs 8 and 9 set out above, it appears that plaintiffs are suggesting a *388 legal problem with the creation of a single mineral servitude that includes two contiguous tracts where there is a producing well on one of the tracts and whether the ten-year prescription of non-use is interrupted as to the whole by continuous production from this well.
Viewing the allegations of the petition as true, we find no basis in law for plaintiffs’ contention that their ancestors in title could not validly combine non-producing land and producing land into a conventional unit and create a single servitude over both tracts. In light of La.R.S. 31:63, et seq. of the Louisiana Mineral Code and the jurisprudence, we agree that the petition states no cause of action.
DISCUSSION
La.R.S. 31:63 through 31:67 are reproduced as follows:
“§ 63. Presumption arising from separate description of tracts forming continuous body of land
A single mineral servitude is created by an act that affects a continuous body of land although individual tracts or parcels within the whole are separately described.
§ 64. Presumption when servitudes created on noncontiguous tracts
An act creating mineral servitudes on noncontiguous tracts of land creates as many mineral servitudes as there are tracts unless the act provides for more.
§ 65. Division of servient estate not division of servitude
The division of a tract burdened by a mineral servitude does not divide the servitude.
§ 66. Right of owners of contiguous tracts to create single servitude
The owners of several contiguous tracts of land may establish a single mineral servitude in favor of one or more of them or of a third party.
§ 67. Right of co-owners to create single servitude in partition of land
Co-owners of land constituting a continuous whole may partition it and reserve a single mineral servitude in favor of one or more of them.”
These articles clearly provide the legal authority for the mineral servitude which was created and agreed to by the States’ heirs. The creation of a single servitude is expressly authorized and condoned in Louisiana law.
Articles 66 and 67 have been applied in GMB Gas Corp. v. Cox, 340 So.2d 638 (La.App. 2 Cir.1976) and Wall v. Leger, 402 So.2d 704 (La.App. 1 Cir.1981). Each case involved partition agreements on contiguous tracts with reservations of a single mineral servitude over the whole. Such provisions of partition agreements are valid.
Furthermore, pursuant to La.R.S. 31:36, “prescription of non-use is interrupted by the production of any mineral covered by the act creating the servitude.” In this case, the servitude was a single servitude over both tracts and was continuously interrupted by the producing well on the 28-acre tract. This same result is found in Wall, supra. It was held that when a larger tract of land was partitioned into seven separate tracts with a reservation of mineral rights, it resulted in the creation of a single servitude instead of seven single servitudes. Therefore, a well which subsequently became productive interrupted prescription of non-use with respect to the entire pre-partitioned tract. Thus, despite the fact that the well was not located on the tract the vendors acquired from the partition, production from that well interrupted prescription with respect to all seven tracts, including the vendors’ tract.
As such, we find no manifest error on behalf of the trial court in granting defendant’s exception of no cause of action.
Costs of this appeal are assessed to plaintiffs-appellants.
AFFIRMED.

. Perry Thibodeaux was named as a plaintiff although he did not grant a lease to the defendant. The exception was granted and suit dismissed as to Thibodeaux only as to the allegations of Paragraphs 8 and 9 of the petition.